Stuart J. Purdy (State Bar No. 239878)
Jordan Blumenfeld-James (State Bar No. 235185)
**SIMON GREENSTONE PANATIER, PC**
3780 Kilroy Airport Way, Suite 540
Long Beach, California 90806
Telephone: (562) 590-3400
Facsimile:  (562) 590-3412
E-mail:  jbj@sgptrial.com
E-mail: spurdy@sgptrial.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CAROLYN WEIRICK and ELVIRA GRACIELA ESCUDERO LORA,<br><br>Plaintiffs,<br><br>vs.<br><br>BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.) *et al.,*<br><br>Defendants. | Case No. 2:19-cv-03036-CJC-JC<br>Courtroom 7C, Hon. Cormac J. Carney<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR REMAND TO STATE COURT**<br><br>Date: _____, 2019<br>Time: _____<br>Courtroom:   7C<br><br>Action Filed:   April 4, 2017<br>FAC Filed:   July 13, 2017<br>Trial Date:   April 29, 2019 |

# **TABLE OF CONTENTS**

I.     Introduction ................................................................................................ 1

II.    Statement of the Facts ............................................................................... 3

     A.    This Case Was Scheduled to Start Trial on April 29, with April
           22 as the Final Status Conference .................................................... 3

     B.    Johnson & Johnson Removed This Case on the Eve of Trial ................. 3

     C.    Plaintiff Carolyn Weirick Is a Living Mesothelioma Patient
           Whose Health is Rapidly Declining ........................................... 4

III.   Argument ..................................................................................................... 5

     A.    Johnson & Johnson's Notice of Removal Is Untimely ............................ 5

     B.    This Court Lacks Subject Matter Jurisdiction ........................................... 6

     C.    Even if Subject Matter Jurisdiction Were Present, Abstention
           Would Be Proper ......................................................................... 9

          1.    Background on Abstention ............................................. 9

          2.    Core Proceeding and Non-Core Proceeding Defined ................. 10

          3.    Under the Facts and Applicable Law, Abstention Is
              Mandatory and Remand Is Appropriate ........................ 11

          4.    Even If Mandatory Abstention Did Not Apply to This
              Case, the Factors Supporting Permissive Abstention
              Warrant Remand to State Court .................................... 13

     D.    What's Old Is What's New ........................................................ 16

IV.    Conclusion ................................................................................................ 19

i

# **TABLE OF AUTHORITIES**

## **CASES**

*Ashland Inc. v. G-I Holdings Inc. (In re G-I Holdings, Inc.),*
    564 B.R. 217 (Bankr. D.N.J. 2016 .......................................................14

*Balcor/Morristown Ltd. P'ship v. Vector Whippany Assocs.,*
    181 B.R. 781 (D.N.J. 1995) .............................................................14

*Bethlahmy v. Kuhlman (In re ACI-HDT Supply Co.),*
    205 B.R. 231 (Bankr. 9th Cir. 1997) ...................................................7

*Borne v. New Orleans Healthcare, Inc.,*
    116 B.R. 487 (E.D.La. 1990)..............................................................9

*Burse v. Purdue Pharma Co.,*
    2004 U.S. Dist. LEXIS 9769, 2004 WL 1125055, (N.D. Cal. 2004)...............15

*Celotex Corporation v. Edwards,*
    514 U.S. 300 (1995) ........................................................................7

*Davis v. Ocwen Fed. Bank,*
    2006 U.S.Dist.LEXIS 3221, 2008 WL 155241, (M.D. Ala. 2006).................2, 5

*Diaz v. Sheppard,*
    85 F.3d 1502 (11th Cir. 1996) .............................................................6

*Douglass v. Weyerhaeuser Co.,*
    662 F.Supp. 147 (C.D.Cal. 1987) .........................................................5

*Estate of Scott v. Cervantes,*
    2008 U.S. Dist. LEXIS 129198, 2008 WL 11337657, (C.D. Cal. 2008)........2, 5

*Gardner v. United States (In re Gardner),*
    913 F.2d 1515 (10th Cir. 1990) ...............................................10, 11, 12

*Gaus v. Miles, Inc.,*
    980 F.2d 564 (9th Cir. 1992) ...............................................................6

## <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*G-I Holdings, Inc. v. Ashland, Inc. (In re G-I Holdings, Inc.)*,
    2017 U.S. Dist. LEXIS 68891 (D.N.J. May 5, 2017 .........................................14

*Gregory Rock House Randy, LLC. v. New Mexico State Engineer*,
    339 B.R. 255 (Banks. D.N.M. 2006).................................................9, 10, 11, 13

*Hubbard v. Union Oil Co. of California*,
    601 F. Supp. 790 (S.D. W.Va. 1985) .................................................................5

*In re Asbestos Litig.*,
    2002 U.S. Dist. LEXIS 3083, 2002 WL 649400, (D. Ore. 2002)...................5, 6

*In re Chugach Forest Products*, Inc.,
    23 F.3d 241 (9th Cir. 1994) .................................................................................8

*In re Combustion Eng'g, Inc.*,
    391 F.3d 190 (3d Cir. 2004) .................................................................................8

*In re Exide Techs.*,
    544 F.3d 196 (3d Cir. 2008) ........................................................................11, 12

*In re Fed.-Mogul Glob., Inc.*,
    300 F.3d 368 (3d Cir. 2002) ...........................................................2, 8, 16, 17, 18

*In re Fietz*,
    852 F.2d 455 (9th Cir. 1988) ..........................................................................7, 8

*In re W.R. Grace & Co.*,
    591 F.3d 164 (3d Cir. 2009) .................................................................................8

*Jazz Photo Corp. ex rel. Moore v. Dreier LLP*
    2005 U.S. Dist. LEXIS 36396, 2005 WL 3542468 (D.N.J. 2005) ...................14

*Lent v. Chesterton*,
    2009 U.S. Dist. LEXIS 105255, 2009 WL 3561531 (N.D. CA 2009) .............17

# **TABLE OF AUTHORITIES**

## **CASES**

*Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.),*
    207 B.R. 899, 907 (Bankr. 9th Cir. 1997) ........................................................... 8

*McVey v. Johnson (In re SBMC Healthcare, LLC),*
    519 B.R. 172 (Bankr. S.D. Tex. 2014) ............................................................. 13

*Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.,*
    2015 U.S. Dist. LEXIS 75355, 2015 WL 3631833, (C.D. Cal. 2015) ............. 15

*Pacor, Inc., v. Higgins,*
    743 F.2d 984 (3rd Cir. 1984) ............................................................... 7, 8, 9, 17

*Patton v. Bearden,*
    8 F.3d 343 (6th Cir. 1993) ................................................................................... 8

*Personette v. Kennedy, (In re Midgard Corp.),*
    204 B.R. 764 (10th Cir. BAP 1997) .................................................................... 9

*Premier Hotel Development Group,*
    270 B.R. 243 (Bankr. E.D. Tenn. 2001) .............................................................. 9

*Roddam v. Metro Loans, Inc. (In re Roddam),*
    193 B.R. 971 (Bankr. N.D. Ala 1996) ....................................................... 9, 10, 13

*Schultze v. Chandler,*
    765 F.3d 945 (9th Cir. 2014) ...................................................................... 10, 12

*Skylark v. Honeywell Int'l*, Inc.,
    2002 U.S. Dist. LEXIS 10554 (S.D. Fla. 2002) .......................... 6, 8, 16, 17, 18

*Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.),*
    163 F.3d 925 (5th Cir. 1999) ...................................................................... 10, 12

*Stoe v. Flaherty,*
    436 F.3d 209 (3d Cir. 2006) ............................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Things Remembered, Inc. v. Petrarca*,
        516 U.S. 124 (1995)........................................................................5, 6

*Wood v. Wood*,
        825 F.2d 90 (5th Cir. 1987) ..............................................................10

## STATUTES

28 U.S.C. § 157 ..................................................................................10, 12

28 U.S.C. § 157(b)(1)...............................................................................10

28 U.S.C. § 157(b)(2)...............................................................................10

28 U.S.C. § 1334 ..................................................................................7, 12

28 U.S.C. § 1334(b) .............................................................................2, 17

28 U.S.C. § 1334(c) ..........................................................................2, 3, 10

28 U.S.C. § 1334(c)(1) .....................................................................9, 13, 14

28 U.S.C. § 1334(c)(2) ...................................................................2, 9, 11, 12

28 U.S.C. § 1446 ..................................................................................5, 6

28 U.S.C. § 1446(b) .............................................................................2, 5, 6

28 U.S.C. § 1446(b)(3)...............................................................................2

28 U.S.C. § 1447(c) .................................................................................1

28 U.S.C. § 1447(d) ..............................................................................5, 6

28 U.S.C. § 1452 ............................................................................1, 2, 5, 6

# **TABLE OF AUTHORITIES**

## **STATUTES**

28 U.S.C. § 1452(a) ........................................................16

28 U.S.C. § 1452(b) ........................................... 3, 6, 8, 14

California Code of Civil Procedure section 377.34 .......................................4

# I.

## INTRODUCTION

Plaintiff Carolyn Weirick is suffering from mesothelioma—a fatal cancer caused by her exposure to asbestos in the talc used in Johnson & Johnson's talcum powder products. Despite surgery and numerous rounds of chemotherapy, Mrs. Weirick's prognosis is grim and her current treatment is palliative in nature. Plaintiffs were scheduled to start the retrial of this action on April 29, after the first trial ended in a mistrial due to a hung jury. All trial documents were in final form and prepared to be received by the court, the Honorable David Cunningham, III presiding, at the April 22 Final Status Conference. The only two remaining defendants for the retrial are Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively "Johnson & Johnson"). Plaintiffs had previously resolved with Imerys Talc America, Inc. and it was dismissed from the case in September 2018. In an effort to derail plaintiffs' impending retrial, Johnson & Johnson improperly removed this state court products liability action based on a tenuous connection to a Chapter 11 bankruptcy petition filed by one of its talc suppliers, Imerys Talc America, Inc. ("Imerys" or "Debtor"). Pursuant to 28 U.S.C. § 1452 and § 1447(c), immediate remand is warranted.

*First*, Plaintiffs seek emergent relief because a normal briefing schedule would inevitably delay their trial. Johnson & Johnson has already briefed its jurisdictional argument when it filed an April 18, 2019 motion in the Delaware District Court to change the venue of this case—and thousands like it—to a consolidated proceeding that has not yet even been established.[1] Although Johnson & Johnson represented in its venue motion that it would not seek to remove cases where a trial was imminent,[2] it

---

[1] Doc. 1, Johnson & Johnson Notice of Removal, at 3, Page ID#:3.

[2] Doc. 1-4, J&J Notice of Removal, Exhibit C, J&J Memorandum of Law, at p. 7 fn 4, Page ID#:422 ["The State Court Talc Claims excluded, in the interest of judicial economy, [include] those in which a **trial** is ongoing or **scheduled to begin forthwith**."].

1   has done so here with a trial date that is less than a week away. This transparent attempt

2   to improperly delay plaintiffs' state court personal injury trial should not be entertained.

3       ***Second***, Johnson & Johnson's removal was untimely.  28 U.S.C. § 1446(b)(3)

4   requires a notice of removal be filed within 30 days after it may be ascertained that the

5   case has become removable. The 30-day requirement applies to the removal of claims

6   related to bankruptcy cases under § 1452.  *Estate of Scott v. Cervantes*, 2008 U.S. Dist.

7   LEXIS 129198, 2008 WL 11337657, *4 (C.D. Cal. 2008) (citing *Davis v. Ocwen Fed.*

8   *Bank*, 2006 U.S.Dist. LEXIS 3221, 2008 WL 155241, at *15 (M.D. Ala. 2006)("By its

9   plain language, the 30-day requirement of § 1446(b) applies to cases removed under §

10  1452")).  It is undisputed that Imerys filed its petition for bankruptcy on February 13,

11  2019.[3] Johnson & Johnson filed its notice of removal on April 18, 2019, more than 60

12  days later.  Johnson & Johnson's notice of removal is therefore untimely.

13      ***Third***, this Court lacks subject-matter jurisdiction. Plaintiffs' claims are not

14  "related to" the pending bankruptcy proceeding filed by Imerys because the claims that

15  Johnson & Johnson point to as a basis for federal jurisdiction are separate and distinct

16  from plaintiffs' personal injury claims against Johnson & Johnson.  Plaintiffs resolved

17  with Imerys in September 2018, some five months *before* Imerys declared bankruptcy.

18  Plaintiffs' personal injury claims against Johnson & Johnson have no bearing over

19  theoretical contract disputes Johnson & Johnson may have with Imerys. Johnson &

20  Johnson's attempt to gloss over this distinction is fatal to its jurisdictional argument

21  under 28 U.S.C. §1334(b) and *In re Fed.-Mogul Glob., Inc.*, 300 F.3d 368 (3d Cir.

22  2002).

23      ***Fourth***, even if the Court has "related to" jurisdiction, mandatory abstention

24  under 28 U.S.C. § 1334(c)(2) requires remand, as plaintiffs' claims: (1) do not arise

25  under the bankruptcy code; (2) are based on state law; (3) are not subject to federal

26  jurisdiction absent their purported relation to Imerys' bankruptcy; and (4) can be timely

27

28          [3] Doc. 1, Johnson & Johnson Notice of Removal, at 2, Page ID#:2.

adjudicated in the state court at the trial scheduled to begin in two weeks.

***Finally***, equitable remand under 28 U.S.C. §1452(b) and permissive abstention under 28 U.S.C. § 1334(c)—essentially the same analysis—are appropriate. The relevant factors, which are nearly identical for the two sections, weigh heavily in favor of remand: plaintiffs' claims arise exclusively under California law; the trial court has extensive, specialized experience in trials regarding claims involving asbestos and cosmetic talcum powder; plaintiffs undeniably have a right to retry this case before a jury, which a bankruptcy judge could not conduct; extensive motions practice, discovery, and the retention of experts has been undertaken in preparation for a retrial governed by the procedures of California; and Johnson & Johnson does not contend that this matter constitutes a "core bankruptcy proceeding." As such, relevant factors under §1452(b) and § 1334(c) weigh in favor of mandatory abstention and equitable remand. Plaintiffs request this Court to immediately remand so that trial may commence as scheduled.

## II.

## STATEMENT OF THE FACTS

**A.** **This Case Was Scheduled to Start Trial on April 29, with April 22 as the Final Status Conference.**

This case was scheduled to start trial on April 29, 2019, with Monday, April 22 being the Final Status Conference. The only remaining defendants in the action are Johnson & Johnson and Johnson & Johnson Consumer, Inc. (Declaration of Jordan Blumenfeld-James ("Blumenfeld-James Decl."), at ¶¶ 8-10.) Prior to removal, the matter was pending in Department 15 before the Honorable David S. Cunningham, III, the presiding Los Angeles Superior Court asbestos coordinating judge. (Blumenfeld-James Decl., at ¶ 9.)

**B.** **Johnson & Johnson Removed This Case on The Eve of Trial.**

Plaintiff Carolyn Weirick was diagnosed with malignant mesothelioma on February 21, 2017. (Doc. 1-1, Complaint, at p. 24, Page ID#:35.) She filed her

complaint on April 4, 2017. (Doc. 1-1, Complaint, at p. 2, Page ID#:13.)  She filed a First Amended Complaint on July 13, 2017.  (Doc. 1-1, First Amended Complaint, at p. 25, Page ID#:36)  Defendants Johnson & Johnson Consumer Inc. filed its answer on May 12, 2017.   (Doc. 1-2, J&J Consumer Inc. Answer, at 14, Page ID#:100.) Defendant Johnson & Johnson answered the complaint on May 15, 2017.  (Doc. 1-2, J&J Answer, at p. 3, Page ID#:89.)   Defendant Imerys Talc America, Inc. was dismissed from this case on September 14, 2018.  (Blumenfeld-James Decl., at ¶ 5.) Five months later, on February 13, 2019, Imerys Talc America filed for bankruptcy. (Doc. 1, J&J Notice of Removal, at 2, Page ID#:2.)

This case was set for retrial on April 29, 2019.  (Blumenfeld-James Decl., at ¶ 10.)  All parties, including Johnson & Johnson, represented that they were trial ready and prepared to move forward on the retrial as scheduled.  (Blumenfeld-James Decl., at ¶ 11.) On April 18, 2019, Johnson & Johnson removed the action to this Court.  This emergency motion for immediate remand follows.

## C.   Plaintiff Carolyn Weirick Is A Living Mesothelioma Patient Whose Health Is Rapidly Declining.

This Court should remand immediately.  Mrs. Weirick suffers from an asbestos-related terminal cancer.  Her health is rapidly declining.  For Mrs. Weirick, every day counts.  (Blumenfeld-James Decl., at ¶ 2.)  If she dies before going to trial, she will lose not only her chance to see her case resolved in her lifetime but, under governing California law, also her ability to recover any non-economic damages for her pain and suffering. (*See* Cal. Code Civ. Proc. § 377.34.)

Plaintiffs' case is ready for retrial in state court.  If this case is remanded, Mrs. Weirick will have her day in court before she dies.  However, if this case is transferred with thousands of other removed cases to the Delaware District Court, Mrs. Weirick is not likely to live to see an adjudication of her claims.  This is not just or proper.   This Court should remand this case to the state court without hesitation so it may proceed for retrial as scheduled.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

## ARGUMENT

### A.    Johnson & Johnson's Notice of Removal Is Untimely.

Debtors filed their petition for bankruptcy on February 13, 2019. Johnson & Johnson filed its Notice of Removal on April 18, 2019, more than 60 days later. Johnson & Johnson's Notice is untimely because it was filed more than 30 days after receiving notice of the bankruptcy petition. "If a Defendant is desirous of litigating an action in federal court, he must seize the first opportunity to do so by removing the case to federal court within the prescribed thirty-day period. If the Defendant does not remove the case upon the first opportunity, the Defendant has waived his right to remove at a later time." *Douglass v. Weyerhaeuser Co.*, 662 F.Supp. 147, 149 (C.D. Cal. 1987) (quoting *Hubbard v. Union Oil Co. of California*, 601 F. Supp. 790, 795 (S.D. W.Va. 1985)). Because Johnson & Johnson did not timely remove this case, it has waived its right to do so.

Johnson & Johnson asserts that its Notice is timely pursuant to the 90-day deadline in Bankruptcy Rule 9027, but it ignores the 30-day deadline in 28 U.S.C. § 1446(b), which applies to § 1452 bankruptcy removals. *See In re Asbestos Litig.*, 2002 U.S. Dist. LEXIS 3083, 2002 WL 649400, at *7-8 (D. Ore. Feb. 1, 2002); *Davis v. Ocwen Federal Bank, FSB*, 2006 U.S. Dist. LEXIS 3221, 2006 WL 155241, at *4 (M.D. Ala. Jan. 19, 2006); *Estate of Scott v. Cervantes*, 2008 U.S. Dist. LEXIS 129198, 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008).

Removal is generally governed by § 1446. The provision relating to removals based on bankruptcy jurisdiction, § 1452, is silent regarding deadlines for seeking removal. In *In re Asbestos Litig.*, 2002 U.S. Dist. LEXIS 3083, at *8, the Oregon District Court looked to the Supreme Court for guidance as to whether § 1446 applies to bankruptcy removals, analogizing the Court's opinion in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995) regarding the application of the procedural requirements of § 1447(d) to §1452 bankruptcy removals. In *Things Remembered*, the

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES ISO EMERGENCY MOTION FOR REMAND

Supreme Court held that §§ 1447(d) and 1452 can coexist in the bankruptcy context since there is no indication Congress intended § 1452 to be the exclusive provision governing removals and remands in bankruptcy – or that Congress intended to exclude bankruptcy cases from § 1447(d). *Things Remembered*, 516 U.S. at 129.  The court concluded that "[j]ust as the procedural requirements of § 1447 apply to bankruptcy removals under § 1452, so also do the deadlines set in § 1446(b)." *In re Asbestos Litig*., 2002 U.S. Dist. LEXIS 3083, at *9. The 30-day deadline in § 1446 applies to bankruptcy removals, and it trumps the 90-day deadline in Bankruptcy Rule 9027. *In re Asbestos Litig.*, 2002 U.S. Dist. LEXIS 3083, at *9 ("[w]hen a statute and a rule directly conflict, the statute wins"). Thus, Johnson & Johnson's Notice of Removal, filed more than 60 days after Imerys' bankruptcy petition was filed, is untimely. Moreover, Debtors approached Johnson & Johnson months before filing their bankruptcy petition, and alerted Johnson & Johnson of the impending filing. Johnson & Johnson has no good-faith basis for the delay in its removal of this case. (Kagan Decl., at ¶3.)  Accordingly, Johnson & Johnson waived their removal right.

## B.   This Court Lacks Subject Matter Jurisdiction.

There is no proper basis to remove this case from the State Court, and it should be remanded immediately.   Remand is governed by 28 U.S.C. § 1452(b), which provides in relevant part:  "The court to which such claim or cause of action is removed may remand such claim or case of action on any equitable ground."  One ground for remand is the lack of subject matter jurisdiction.  As the party filing the removal action, Johnson & Johnson has the burden to prove subject matter jurisdiction in a federal court.  *In re Asbestos Litig*., 2002 U.S. Dist. LEXIS 3083, 2002 WL 649400, at * 2 (D. Ore. 2002); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  All doubts about jurisdiction are resolved against removal.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992); *Skylark v. Honeywell Int'l*, Inc., 2002 U.S. Dist. LEXIS 10554, at *4 (S.D. Fla. 2002).

Bankruptcy jurisdiction is governed by 28 U.S.C. § 1334, which confers jurisdiction on the District Court over cases "arising under title 11, or arising in, or related to cases under title 11 [the Bankruptcy Code]." *Bethlahmy v. Kuhlman (In re ACI-HDT Supply Co.)*, 205 B.R. 231, 234-235 (Bankr. 9th Cir. 1997). Plaintiffs' lawsuit against Johnson & Johnson is not a bankruptcy proceeding. Nor is it an action that could only exist in a bankruptcy proceeding. Thus, it does not arise under title 11, nor does it arise in title 11. Johnson & Johnson alleges that plaintiffs' personal injury lawsuit is "related to" the Imerys bankruptcy case under title 11. But in making this argument, Johnson & Johnson ignores the fact that plaintiffs resolved with Imerys during the first trial and Imerys was dismissed from the action in September 2018—five months *before* Imerys filed for bankruptcy. (Blumenfeld-James Decl., at ¶ 5.) The Ninth Circuit has adopted the definition of "related to" jurisdiction expressed by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (*see, In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)), finding that a case under title 11 is "related to" the bankruptcy "if its outcome could conceivably have any effect on the bankruptcy estate," here the estates of the three Imerys Debtors in Delaware.[4] *Bethlahmy*, 205 B.R. 231, 237 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984). The "related to" jurisdictional language "was not intended to be 'limitless'." *Id.* (citing *Celotex Corporation v. Edwards*, 514 U.S. 300 (1995).

The facts do not support Johnson & Johnson's "related to" contention; the alleged indemnity agreements, alleged shared insurance, and claimed unity of interest all fail to confer "related to" jurisdiction to this Court or a Delaware court. The Debtors are not parties to plaintiffs' lawsuit. Plaintiffs do not assert any claims against Debtors or their estates.    The potential that Johnson & Johnson might someday have

---

[4] Imerys Talc America, Inc., Imerys Talc Vermont, Inc., or Imerys Talc Canada, Inc., the three (3) debtors (the "Debtors") in the Delaware Chapter 11 proceeding, Case No. 19-10289 (LSS) (the "Bankruptcy Case").  (*See*, Doc. 1, J&J Notice of Removal, at 2, Page ID#:2)

contribution and indemnity claims against the Debtors, <u>if</u> it is held liable on the plaintiffs' claims, and the possibility of shared insurance as a result, is too tenuous and speculative a basis to confer subject matter jurisdiction in a dispute between two non-debtors that does not involve property of the estate.  *Pacor, Inc., v. Higgins*, 743 F.2d 984, at 995; *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 231 (3d Cir. 2004); *In re W.R. Grace & Co.*, 591 F.3d 164, 172 (3d Cir. 2009); *Skylark,* 2002 U.S. Dist. LEXIS 10554, at *8.

The Third Circuit's opinions in *Pacor, Federal-Mogul Global*, and their progeny are particularly relevant to whether the existence of an indemnity or insurance agreement between third-parties and the debtor create "related to" jurisdiction.[5] "An indemnification agreement between a defendant and a non-party bankrupt debtor does not automatically supply the nexus necessary for the exercise of 'related to' jurisdiction." *Federal-Mogul Global, Inc.*, 300 F.3d at 382. Rather, the indemnification right must "accrue upon the filing of the civil action in the proceeding related to the bankruptcy case" and be "clearly established." *Id.* If "the right to indemnification is contingent on a factual finding in the action not involving the bankruptcy debtor" or, as here, "requires the commencement of another lawsuit to establish that right" indemnification will not give rise to "related to" jurisdiction. *Id.*

Currently, Johnson & Johnson denies any liability to plaintiffs, judicially admitting that there are no "claims" for contribution or indemnity, as there is no

---

[5] Johnson & Johnson's reliance on *A.H. Robins Co. v. Piccinin*, is misplaced. "The Ninth Circuit has declined to endorse the <u>A.H. Robins</u> holding on several occasions and recently stated that <u>A.H. Robins</u> and the other 'unusual circumstances' cases, 'although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.'" *Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.)* 207 B.R. 899, 907 (Bankr. 9th Cir. 1997), citing *In re Chugach Forest Products*, Inc., 23 F.3d 241, 247 n.6 (9th Cir. 1994) (quoting *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993))

liability.  Johnson & Johnson's arguments on the State law merits may yet prevail at trial.  If Johnson & Johnson wins at trial, the Imerys Debtors may benefit derivatively, as any potential contribution and indemnity claims would evaporate.  If and when Johnson & Johnson is held liable to plaintiffs, it can then assert and litigate whatever possible contribution, indemnity and insurance claims it may have against the Debtors in the Delaware Bankruptcy Case.  Bankruptcy courts hear such claims routinely, and the Bankruptcy Code provides a means to adjudicate them promptly.  Since the Debtors are not parties to plaintiffs' lawsuit, they are not bound by the outcome.  They can assert any defenses they may have against Johnson & Johnson without risking issue preclusion.  *Pacor,* 743 F.2d at 995.  The Bankruptcy Court may then adjudicate those claims, if any. Accordingly, remand is proper.

## C.    Even if Subject Matter Jurisdiction Were Present, Abstention Would Be Proper.

Johnson & Johnson, in its motion, relies primarily on, and looks to, the Third Circuit for its grounds for removal.[6] Accordingly, if this Court determines that subject matter jurisdiction is present, the Third Circuit requires this Court follow the equitable doctrine of abstention and remand this case.

### 1.    Background on Abstention.

Since remand can be based upon "any equitable ground," courts often apply the standards applicable to the abstention statute when considering whether remand is appropriate. *Gregory Rock House Randy, LLC. v. New Mexico State Engineer*, 339 B.R. 255, 258 (Bankr. D.N.M. 2006) (citing *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 775 (10th Cir. BAP 1997) (holding that if abstention is required under 28 U.S.C. § 1334(c)(2), a court should remand the matter to state court).

If mandatory abstention applies, the removal court cannot adjudicate the case and thus has no rational basis to keep it.  A remand back to the state court is the only

---

[6] Doc. 1, Johnson & Johnson Notice of Removal, at 5, Page ID#:6.

appropriate response. Even where abstention would be discretionary rather than mandatory, the presence of factors suggesting discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) may provide sufficient grounds for remand. *Gregory Rock House*, 339 B.R. at 258 (citing *Premier Hotel Development Group*, 270 B.R. 243, 258 (Bankr. E.D. Tenn. 2001); *Roddam v. Metro Loans, Inc. (In re Roddam)*, 193 B.R. 971, 981 (Bankr. N.D. Ala 1996) ("The considerations underlying discretionary abstention and remand are the same") (citing *Borne v. New Orleans Healthcare, Inc.*, 116 B.R. 487, 494 (E.D.La. 1990)). "The presence of facts supporting abstention, when coupled with related considerations of comity and preference for the resolution of state law questions by state courts, implied in Section 1452(b) "tips the scales of equity in favor of remanding this case.'" *Roddam*, 193 B.R. at 981 (internal citations omitted).

The abstention analysis applies to cases removed to federal court on the basis of bankruptcy jurisdiction. *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 929 (5th Cir. 1999) (acknowledging some contrary case law but adopting the "majority rule" that removed cases are subject to abstention pursuant to 28 U.S.C. § 1334(c) and noting the lack of any textual support in the statute for a contrary rule).

## 2.   Core Proceeding and Non-Core Proceeding Defined.

The terms "core proceeding" and "non-core proceeding" are terms of art. They originate in the statutory language of 28 U.S.C. § 157(b)(1) and (2). The terms are illustrated by example rather than explained by precise definition. However, case law has provided a generally accepted definition: "We hold, therefore, that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Southmark*, 163 F.3d at 930; *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy."); *Schultze v. Chandler,* 765 F.3d 945, 948 (9th Cir. 2014) ("Claims that arise under or in title 11 are deemed to be 'core proceedings,' while

claims that are related to title 11 are 'noncore proceedings'" (internal citation omitted)). "Core proceedings arising in title 11 are matters "that are not based upon any right expressly created by title 11, but nevertheless would have no existence out of the bankruptcy." *Id.* Non-core proceedings do not invoke substantive rights created by bankruptcy law and can exist independent from the bankruptcy. *Gregory Rock House*, 339 B.R. at 259 (citing *Wood v. Wood*, 825 F.2d 90, 97 (5th Cir. 1987). A bankruptcy court has "related to" jurisdiction over a non-core proceeding if it could conceivably affect the administration of the bankruptcy estate. *Gregory Rock House*, 339 B.R. at 259 (citing *Gardner*, 913 F.2d at 1518).

### 3. Under the Facts and Applicable Law, Abstention Is Mandatory and Remand Is Appropriate.

Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2); *In re Exide Techs.*, 544 F.3d 196, 218 n.14 (3d Cir. 2008). Section (c)(2) addresses situations where a court has no discretion and must abstain. It pertains only to non-core proceedings like the present case. A court must abstain and remand a case premised on "related to" bankruptcy jurisdiction where: (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) federal courts would not have jurisdiction absent its relation to a bankruptcy case; and (4) the action can be timely adjudicated in the state forum. *Id.* The Third Circuit has explained that §1334(c)(2):

1
2
3
4
5
6

> reflects a congressional judgment that a party who wishes to litigate a state claim in a state court, but finds himself in a federal court solely because the controversy is related to a bankruptcy, should be able to insist upon a state adjudication if that will not adversely affect the bankruptcy proceedings. Given that judgment, we can perceive no reason why Congress could have decided to deny mandatory abstention to a party who filed his state claim in a state court, only to have it removed to a federal court.

7

*Stoe v. Flaherty*, 436 F.3d 209, 214 (3d Cir. 2006).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The plaintiffs assert State law negligence and product liability claims against Johnson & Johnson for personal injury resulting from exposure to asbestos fibers contained in its cosmetic talc products.  Plaintiffs do not assert any claims against the Debtors in the Delaware Bankruptcy Case.  To the contrary, as plaintiffs resolved with Imerys during the first trial and dismissed Imerys in September 2018—five months *before* it filed for bankruptcy.  If Johnson & Johnson had filed its own bankruptcy case, then plaintiffs' claim would be against that bankruptcy estate and an action to liquidate that claim would be a core proceeding.[7]  However, Johnson & Johnson did not file its own bankruptcy case, and plaintiffs assert no claims in the Bankruptcy Case that does exist.  Plaintiffs' lawsuit against Johnson & Johnson existed before the Debtors filed their Bankruptcy Case in Delaware and would continue to exist if the Bankruptcy Case were dismissed.  Plaintiffs' lawsuit does not invoke any substantive right provided by title 11.  Nor is it "a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  *See In re Exide Techs.*, 544 F.3d at 218 n.14; *Southmark*, 163 F.3d at 930; *Gardner,* 913 F.2d at 1518; *Schultze,* 765 F.3d at 948.  Plaintiffs' personal injury claims against Johnson & Johnson are not core proceedings within the meaning of 28 U.S.C. § 157, and they are subject to mandatory abstention if the four statutory elements of 28 U.S.C. § 1334(c)(2), set forth above, are satisfied.

26
27
28

---

[7] Johnson & Johnson is trying, improperly, to get the benefits of a Chapter 11 case without the burden of filing one.

Indeed, they are. First, plaintiffs' lawsuit against Johnson & Johnson is based upon California state law and asserts no federal cause of action. Pursuant to Federal Rule of Evidence 201, plaintiffs ask the Court to take judicial notice of their pleadings, which are required to be attached to the Notice of Removal. *See* Fed. R. Bankr. Proc. 9027(a)(1). Second, there is no basis for federal jurisdiction other than the assertion of "related to" bankruptcy jurisdiction by Johnson & Johnson. The pleadings do not reflect any other basis for federal jurisdiction over these California state law claims. If Johnson & Johnson had thought otherwise, it would have removed the case to federal court on some other theory of federal jurisdiction long ago. Third, plaintiffs' lawsuit was already pending in State court long before the Debtor filed their Bankruptcy Case in Delaware. The file stamps on the pleadings reflect that undisputed fact. Fourth, the plaintiffs' lawsuit was set for retrial in California Superior Court in and for the County of Los Angeles on April 29, 2019. The case was about to "be timely adjudicated in a State forum of appropriate jurisdiction" before Johnson & Johnson filed its abusive Notice of Removal. All elements for mandatory abstention apply to this action. This Court cannot adjudicate it. Nor could a federal District Court in Delaware. Thus, keeping the case in the federal system is pointless and desperately unfair to the plaintiffs, who were days away from having their day in court. Prompt remand to State court is appropriate.

> **4.** **Even If Mandatory Abstention Did Not Apply To This Case, the Factors Supporting Permissive Abstention Warrant Remand to State Court.**

Even if the mandatory abstention did not apply to this case, the factors supporting permissive abstention also counsel remand to State court. *Gregory Rock House*, 339 B.R. at 259; *Roddam*, 193 B.R. at 981; *SBMC Healthcare,* 519 B.R. at 190. Permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides as follows:

1
2
3

> Nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

4   Section 1334(c)(1) allows for discretionary abstention from core matters when
5  abstention best serves the interests of justice, judicial economy, or respect for state law.
6  *Gregory Rock House*, 339 B.R. at 259; *see also McVey v. Johnson (In re SBMC*
7  *Healthcare, LLC)*, 519 B.R. 172, 190-93 (Bankr. S.D. Tex. 2014). The equitable
8  considerations relevant to the appropriateness of equitable remand and discretionary
9  abstention under sections 1452(b) and 1334(c)(1), respectively, "are essentially
10 identical, and, therefore, a court's analysis is essentially the same for both types of
11 relief." *Balcor/Morristown Ltd. P 'ship v. Vector Whippany Assocs*., 181 B.R. 781, 788
12 (D.N.J. 1995). "Various factors have been developed for the court to consider when
13 determining whether to exercise its discretionary abstention power. Some courts rely
14 on a twelve-part test, while others utilize a seven-part test." *Ashland Inc. v. G-I*
15 *Holdings Inc. (In re G-I Holdings, Inc.),* 564 B.R. 217, 249-50 (Bankr. D.N.J. 2016)
16 *aff'd G-I Holdings, Inc. v. Ashland, Inc. (In re G-I Holdings, Inc.),* Civil Action No.
17 17-0077, 2017 U.S. Dist. LEXIS 68891 (D.N.J. May 5, 2017). The seven-part test looks
18 at: 1) the effect on the efficient administration of the bankruptcy estate; 2) the extent to
19 which issues of state law predominate; 3) the difficulty or unsettled nature of the
20 applicable state law; 4) comity; 5) the degree of relatedness or remoteness of the
21 proceeding to the main bankruptcy case; 6) the existence of the right to a jury trial; and
22 7) prejudice to the involuntarily removed defendants. *Id.* (citing, e.g., *Jazz Photo Corp.*
23 *ex rel. Moore v. Dreier LLP*, 2005 U.S. Dist. LEXIS 36396, 2005 WL 3542468, at *7-
24 8 (D.N.J. 2005)). The *SBMC* court cites fourteen (14) factors to consider, including,
25 *inter alia*: (1) the effect or lack thereof of the efficient administration of the bankruptcy
26 estate, if the court recommends remand or abstention; (2) the extent to which state law
27 issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the
28 applicable law; (4) the presence of a related proceeding commenced in a state court;

(5) the jurisdictional basis, if any, other than Section 1334; (6) the degree of relatedness or remoteness from the proceeding to the main bankruptcy case (10) the likelihood of forum shopping by one of the parties, (11) the existence of a right to jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.[8]

The adjudication of the plaintiffs' lawsuit in State court will not affect the efficient administration of the Debtors' bankruptcy estates in Delaware.  Plaintiffs assert no claims against the Debtors, and the Debtors assert no claims against the plaintiffs.  If Johnson & Johnson believes that it has contribution or indemnity claims against the Debtors, it can assert them in the Bankruptcy Case.  Bankruptcy courts deal with these claims routinely.  In the plaintiffs' case, State law issues predominate over bankruptcy issues.  Indeed, they are no bankruptcy issues.  Plaintiffs' lawsuit is already a "related proceeding commenced in a state court."  There is no jurisdictional basis, other than Section 1334, for any federal court to assert jurisdiction over the plaintiffs' lawsuit.

Plaintiffs' claims are not related in any way to the main Bankruptcy Case.  Johnson & Johnson is clearly forum shopping with the goal of detouring the plaintiffs' case to Delaware for years, preventing plaintiffs from having their day in court in California where they live.  Plaintiffs have a right to retry their case before a jury, which Johnson & Johnson admits.  However, as a practical matter, if Johnson & Johnson can flood the District Court in Delaware with thousands of talc/asbestos cases from around the country, which is exactly the point of the Notice of Removal and associated Motion to Fix Venue, it can defeat that right by overwhelming the court with cases.[9]  **All of the**

---

[8] Every one of these factors is present in this removed action and points to abstention, illustrating just how abusive the Notice of Removal is.

[9] It is settled practice in the Ninth Circuit to rule on remand motions before deciding motions to transfer. *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc*., 2015 U.S. Dist. LEXIS 75355, 2015 WL 3631833, at *4 (C.D. Cal. 2015) ["Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to

1  **parties are non-debtors**.  The interest of comity weighs in favor of letting the

2  California Superior Court adjudicate California state law claims, asserted by California

3  residents.  If ever there were a case for comity with State courts, this is it.  Finally, there

4  is substantial prejudice to the plaintiffs if the case were to be moved to Delaware.  The

5  plaintiffs have prepared discovery, expert disclosures, and trial documents in

6  accordance with California state law and procedure. Forcing plaintiffs to comply with

7  Federal Court requirements for expert disclosures would restart the clock on discovery.

8  The retrial would be delayed by months or years.  Plaintiffs assert a claim for cancer

9  caused by exposure to asbestos in talc.  A speedy retrial is essential to allow a sick and

10  potentially dying plaintiff to have her day in court before death occurs.  There is

11  incalculable prejudice in preventing that from happening.  Johnson & Johnson is well

12  aware of that.  It just does not care.  Even if the plaintiffs' action were a core

13  proceeding, and it is not, permissive abstention and remand to State Court would still

14  be appropriate.

15       **D.  What's Old Is What's New.**

16       Johnson and Johnson did not invent the strategy of glomming on to another

17  entity's asbestos-related bankruptcy case on the basis of alleged cross-claims for

18  contribution and indemnity.  This matter is an exact rerun of proceedings surrounding

19  the Federal-Mogul bankruptcy in the early 2000s.  Richard Skylark was an auto

20  mechanic, who worked on brakes.  Mr. Skylark developed mesothelioma allegedly

21  from exposure to asbestos fibers in the automotive brake assemblies.  On May 8, 2000,

22  Mr. and Kay Skylark (the "Skylarks") sued several auto part makers in Florida State

23  court for compensation for Mr. Skylark's illness.  Due to the grim nature of

24  mesothelioma, Mr. Skylark was expected to die of his cancer within six to twelve

25

26  remand prior to, and/or to the exclusion of, the motion to transfer"]; *Burse v. Purdue*

27  *Pharma Co.*, 2004 U.S. Dist. LEXIS 9769, 2004 WL 1125055, at *1 (N.D. Cal. 2004)
   [the practice within the Ninth Circuit to rule on remand motions before deciding

28  motions to transfer].

1    months.  The case was set for trial on November 5, 2001.  *Skylark,* 2002 U.S. Dist.

2    LEXIS 10554 *2.

3        On October 1, 2001, Federal-Mogul, a maker of auto parts, filed a Chapter 11

4    bankruptcy in Delaware, due to mounting asbestos liabilities.  The Skylarks voluntarily

5    dismissed Federal-Mogul from their lawsuit.  On December 17, 2001, Honeywell

6    International, Inc., f/k/a Allied Signal, Inc. ("Allied"), removed the Skylarks' State

7    court lawsuit to the United States District Court in Miami pursuant to 28 U.S.C. §

8    1452(a) and Federal Rule of Bankruptcy Procedure 9027(a).  Allied argued that

9    because of its cross-claims for contribution and indemnity against Federal-Mogul, the

10   Skylarks' lawsuit was "related to" the Federal Mogul bankruptcy.  *Skylark*, 2002 U.S.

11   Dist. LEXIS *3.  The Skylarks filed a motion to remand.

12       The Court found that Allied's alleged cross claims against Federal-Mogul were

13   not sufficient to invoke the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b).

14   The Court explained:

15
16       Allied's potential claims against Federal-Mogul will have no bearing on
17       the estate in bankruptcy unless and until Plaintiff obtains a judgment
         against Allied.  This potential for an effect on the estate is simply too
18       tenuous at this time to support removal.  Indeed, "primary actions against
         solvent defendants are, "at best … a mere precursor to the potential third
19       party claim for indemnification.  *Pacor*, 743 F.2d at 995.  Allied's claims
         are simply too speculative and premature to support removal.
20

21   *Skylark*, 2002 U.S. Dist. LEXIS *8-9.  On that basis alone, the District Court found a

22   lack of subject matter jurisdiction and determined remand to be proper.  The Court

23   noted that several other Federal District Courts had reached the conclusion in similar

24   cases. *See also, Lent v. Chesterton*, 2009 U.S. Dist. LEXIS 105255, 2009 WL 3561531

25   (N.D. CA 2009).

26       The Court continued with an analysis of mandatory abstention.  The Court noted

27   that mandatory abstention from a state law claim would apply if: (1) there is no

28   independent basis for federal jurisdiction other than Section 1334(b); (2) the claim is a

non-core proceeding (i.e. it is not right created by title 11, nor is an action that could exist only in bankruptcy); (3) an action has been commenced in a state court; and (4) the action could be timely adjudicated in a state court. *Skylark*, 2002 U.S. Dist. LEXIS *10.   All four elements were met.   There was no independent basis for federal jurisdiction.  The claim was a non-core, State law action, not asserted against the debtor in bankruptcy, i.e. Federal-Mogul.  An action was pending in a Florida State court and could be timely adjudicated there.   Thus, the Court ruled that "even if it had subject matter jurisdiction, it would be required to abstain from exercising jurisdiction over this action." *Skylark*, 2002 U.S. Dist. LEXIS *11.   The Court went on to analyze permissive or discretionary abstention under Section 1334(c)(1) and reached the same conclusion:

> The Court finds that the interests of justice require that it abstain from exercising jurisdiction over this matter.  Plaintiff Richard Skylark suffers from terminal cancer.  His case is ready for trial in state court.  If this case is remanded, he will have his day in court before he dies.  However, if this case were transferred with thousands of other removed cases to the Delaware Bankruptcy Court, Mr. Skylark is not likely to live to see an adjudication of his claims.  This simply would not be just or proper.  Accordingly, the Court finds that remand is appropriate.

*Skylark*, 2002 U.S. Dist. LEXIS *10.  Yes, indeed.  Well said.

Johnson & Johnson's Notice of Removal and Plaintiffs Motion for Remand are the *Skylark* case on all fours.  The facts are identical in nearly every detail.  All of same legal and equitable considerations apply, and in the same way.  There is no subject matter jurisdiction as Johnson & Johnson's potential claims for contribution and indemnity are too remote, tenuous, and speculative to impact the administration of the Debtors' estates in Delaware.  Even if there were "related to" jurisdiction, mandatory abstention would apply as a matter of law.  Even if mandatory abstention did not apply, permissive or discretionary abstention would.  Plaintiffs' case is ready for trial to start on April 29, 2019 in State court.  If the case were sent off to Delaware with thousands

1  of others, Mrs. Weirick will likely be dead before her case can be heard.   Justice

2  requires abstention and swift remand to the Superior Court in Los Angeles.

3       Johnson & Johnson is trying to do now what Allied tried to do in the Federal-

4  Mogul bankruptcy case seventeen (17) years ago.   It was wrong then, and it's wrong

5  now.   The result should be the same now as it was seventeen (17) years ago.   Perhaps

6  King Solomon said it best nearly 3,000 years ago: "What has been will be again.   What

7  has been done will be done again.   There is nothing new under the sun."   Ecclesiastes,

8  Chapter 1, Verse 9.   The Notice of Removal is gross abuse and the Court should treat

9  it that way.

10                                **IV.**

11                            **CONCLUSION**

12       Mrs. Weirick suffers from an unpredictable and terminal cancer.   There is no

13  basis for federal jurisdiction here and the Plaintiffs request this Court to immediately

14  remand to the State Court so that trial may commence as scheduled.

15

16  DATED: April 23, 2019          SIMON GREENSTONE PANATIER PC

17

18                       By: _____

19                            Jordan Blumenfeld-James
                              Attorney for Plaintiffs

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California 90802.

On the date set forth below, I served the foregoing document(s) described as:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR REMAND TO STATE COURT**

On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

**PER PACER SERVICE LIST**

[]     BY MAIL: I caused such envelope(s) to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit to all other parties.

**[X]   BY E-SERVICE:**     I caused such document to be transmitted by electronic service via CM-ECF (Electronic Case Filing) for the same day delivery to the offices of the addressee(s).

[ ]     BY FEDERAL EXPRESS:     I caused such envelope to be transmitted by federal express for next day delivery (by 10:30 a.m.) to the offices of:

**[X]   (FEDERAL)**: I declare under penalty of perjury, under the laws of the United States of America that the above is true and correct.

Executed this 23rd day of April, 2019 at Long Beach, California.

_____
Claudia Cortes

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES ISO EMERGENCY MOTION FOR REMAND