Stuart J. Purdy (State Bar No. 239878)
Jordan Blumenfeld-James (State Bar No. 235185)
**SIMON GREENSTONE PANATIER, PC**
3780 Kilroy Airport Way, Suite 540
Long Beach, California 90806
Telephone: (562) 590-3400
Facsimile:  (562) 590-3412
E-mail:  jbj@sgptrial.com
E-mail: spurdy@sgptrial.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN WEIRICK and ELVIRA GRACIELA ESCUDERO LORA,<br><br>Plaintiffs,<br><br>vs.<br><br>BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.), et al.,<br><br>Defendants. | Case No. 2:19-cv-03036-CJC-JC<br><br>**NOTICE OF ENTRY OF RULING BY A JUDGE OF THIS COURT** |

In the interest of apprising this Court of pertinent developments in similar proceedings within the Central District, Plaintiffs respectfully submit a copy of the Honorable Percy Anderson's remand order in *Louis D. Wagner, et al. v. American Art Clay Co., Inc., et al.* CV 19-3374 PA (MAAx) issued April 29, 2019, remanding a similar case back to Los Angeles County Superior Court, LAOSD coordination court for asbestos cases, Department 15, for the reasons set forth within the attached order.

It bears noting that today, May 1, 2019, Johnson & Johnson, by way of a Supplemental Notice of Pendency of Other Proceedings, notified this Court of

"related actions" but neglected to inform the Court (or the parties) of Judge Anderson's April 29 Remand Order.

DATED: May 1, 2019            SIMON GREENSTONE PANATIER, PC

By: _____
Stuart J. Purdy
Jordan Blumenfeld-James
Attorneys for Plaintiffs

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3374 PA (MAAx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Louis D. Wagner, et al. v. American Art Clay Co., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None None

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively, the "Defendants") on April 25, 2019. (Docket No. 1.) Defendants are attempting to remove an action commenced by plaintiff Louis D. Wagner ("Plaintiff"), successor-in-interest to decedent Nanette C. Wagner ("Decedent") in Los Angeles County Superior Court on January 4, 2017. Defendants assert that this Court has subject matter jurisdiction on the basis of a pending bankruptcy proceeding in the District of Delaware. See 28 U.S.C. § 1452(a).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b) vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." Id. Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . . At bottom, the question is committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3374 PA (MAAx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Louis D. Wagner, et al. v. American Art Clay Co., Inc., et al. | | |

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665–66 (Bankr. S.D. Cal. 2001) (citing W. Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 2 (E.D. Cal. 1988)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting In re Roman Catholic Bishop of San Diego, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

Here, Plaintiff sues Defendants and Imerys Talc America, Inc. ("Imerys"), the talc powder supplier, in state court for allegedly exposing Decedent to cancer-causing talcum powder. Plaintiff claims the talcum powder was contaminated with asbestos, thereby causing Decedent's mesothelioma and wrongful death. On February 13, 2019, Imerys commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. Defendants argue that this case is related to that bankruptcy pursuant to 28 U.S.C. § 1334, and thus, that the Court has jurisdiction under § 1452.[1] Even if the Court may have jurisdiction over the action, the Court concludes that equitable grounds support remand.

Plaintiff, a California resident, commenced this action in state court on January 4, 2017. Under these circumstances, the Court concludes that it would be inequitable to require a local Plaintiff to litigate his case in an inconvenient, out-of-district federal court. Plaintiff would be further prejudiced by the removal of this action to federal court considering this action has been developing in state court for over two years. Furthermore, this case has been the subject of statewide coordinated proceedings with other talcum powder and asbestos actions in state court. (See Judicial Council Coordination Proceedings, Case. No. 4674 "LAOSD Asbestos Cases".) The LAOSD Asbestos Cases have been coordinated since 2011, which has greatly benefitted all parties by ensuring the cases move forward efficiently, including by coordinating discovery. Coordinating these actions also helps to avoid inconsistent rulings, which additionally weighs in favor of this Court exercising its discretion to remand this action.

---

[1] Defendants have filed a Motion to Fix Venue for Claims Related to Imerys' Bankruptcy under 28 U.S.C. §§ 157(b)(5) and 1334(b) in the United States District Court for the District of Delaware, which includes state court claims. (See In re: Imerys Talc America, Inc., 19-mc-103.)

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3374 PA (MAAx) | Date | April 29, 2019 |
|---|---|---|---|
| Title | Louis D. Wagner, et al. v. American Art Clay Co., Inc., et al. | | |

     Because Plaintiff asserts only California state law claims against Defendants, comity also favors remand.  See Estate of Scott v. Cervantes, No. CV 08-03293 MMM (CWx), 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity . . . favors remand."); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").  Finally, judicial economy supports remand.  The state court has already considered these state law claims for over two years, so litigating this case in federal court will needlessly duplicate judicial resources.

     For all of the foregoing reasons, the equities favor remanding this action.  The action is hereby remanded to the Los Angeles County Superior Court, Case No. BC645588.

     IT IS SO ORDERED.

PROOF OF SERVICE

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 301 East Ocean Blvd., Suite 1950, Long Beach, California 90802.

On the date set forth below, I served the foregoing document(s) described as:

**NOTICE OF ENTRY OF RULING BY A JUDGE OF THIS COURT**

On all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

**PER PACER SERVICE LIST**

[ ]   BY MAIL: I caused such envelope(s) to be deposited in the mail at Long Beach, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit to all other parties.

**[X]   BY E-SERVICE:**   I caused such document to be transmitted by electronic service via CM-ECF (Electronic Case Filing) for the same day delivery to the offices of the addressee(s).

[ ]   BY FEDERAL EXPRESS: I caused such envelope to be transmitted by federal express for next day delivery (by 10:30 a.m.) to the offices of:

**[X]   (FEDERAL)**: I declare under penalty of perjury, under the laws of the United States of America that the above is true and correct.

Executed this 1st day of May, 2019 at Long Beach, California.

_____
Claudia Cortes

3
NOTICE OF ENTRY OF RULING BY A JUDGE OF THIS COURT